## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAURA E. BOZEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07C 4303 |
| | ) | Hon. Amy St. Eve |
| CORINTHIAN COLLEGES, INC., a | ) | |
| Delaware Corporation, dba EVEREST | ) | **(JURY TRIAL DEMANDED)** |
| COLLEGE fka OLYMPIA COLLEGE, | ) | |
| and CHARLES MITCHELL | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR VIOLATION OF FLSA AND ILLINOIS MINIMUM WAGE LAW, BREACH OF CONTRACT, SEXUAL HARASSMENT DISCRIMINATION, RETALIATION, AND CONVERSION OF PROPERTY

NOW COMES plaintiff LAURA E. BOZEK ("Plaintiff"), by and through her attorneys, Reardon Golinkin & Reed, and brings the following amended complaint against defendants CORINTHIAN COLLEGES, INC. a Delaware Corporation, dba EVEREST COLLEGE fka OLYMPIA COLLEGE, and CHARLES MITCHELL.

## NATURE OF ACTION

1.      This action arises out of Defendants' failure to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as amended ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq*., as amended ("IMWL"); breach of contract; and sexual harassment and retaliation committed against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* as amended ("Title VII").

2.    The failure to pay Plaintiff overtime wages was orchestrated by Defendants Corinthian Colleges, Inc., a Delaware corporation, dba Everest College fka Olympia College ("Corinthian"), and Charles Mitchell ("Mitchell"), as detailed below.

3.    Plaintiff was employed by Defendant Corinthian to perform managerial and educational duties in the Dental Assistant program, and was paid at an hourly rate.

4.    In wilful violation of the FLSA and the IMWL, and in breach of her agreement with Defendant Corinthian, Plaintiff: (a) was instructed to not submit all of the hours she worked for compensation, and in fact was not compensated at all for numerous hours of work she performed; and (b) was not paid overtime for hours she did submit which exceeded forty (40).

5.    Plaintiff was sexually harassed by Defendant Mitchell throughout her employment with Defendant Corinthian.  The day after Plaintiff sent Defendant Corinthian a letter of complaint, she was fired.  Defendants' conduct was in violation of Title VII.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction to adjudicate the FLSA claims stated herein under 28 U.S.C. § 1331 because this action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  This Court also has original jurisdiction to adjudicate the Title VII claims stated herein under  28 U.S.C. § 1331 because this action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and the EEOC issued a right to sue letter to Plaintiff.  This Court has supplemental jurisdiction to adjudicate the state law claims stated herein under 28 U.S.C. § 1367(a) because those claims derive from a common nucleus of operative facts with Plaintiff's federal law claims.

7.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Corinthian resides in Illinois and, on information and belief, Defendant Mitchell resides in Illinois, and because a substantial part of the events and omissions giving rise to claim occurred in this District.

## PARTIES

8.    Plaintiff is, and was at all relevant times, a resident of DuPage County, Illinois.

9.    Defendant Corinthian is a Delaware corporation. It maintains offices and does business in Cook County and DuPage County, Illinois, as Everest College (formerly known as Olympia College), such that it is subject to personal jurisdiction in this District. Defendant Corinthian is, and was at all relevant times, an "employer" within the meaning of the FLSA, IMWL and Title VII.

10.    On information and belief, Defendant Mitchell is a resident of the state of Illinois and is, and was at all relevant times, the Director of Education of Olympia College. Defendant Mitchell is, and was at all relevant times, an "employer" within the meaning of the FLSA and the IMWL.

## FACTUAL BACKGROUND

11.    Through its schools, Defendant Corinthian purports to provide a post-secondary education to train students in careers such as massage therapy, medical assisting and dental assisting.

12.    On or about April 18, 2006, Defendant Corinthian hired Plaintiff as an employee to perform duties in the Dental Assistant Program at Olympia College in Burr Ridge, Illinois.

13.    Plaintiff's responsibilities included instruction of students and performing the duties of Education Chair Manager in the department.

14.    Among numerous duties Plaintiff performed in fulfilling the responsibilities of an Education Chair Manager for the department, she: interviewed and trained instructors; customarily and regularly supervised at least two other instructors; attended management meetings and presented various reports to Corinthian's management; prepared class schedules and ordered supplies; and oversaw equipment maintenance and repair.  Her suggestions and recommendations as to the status of employees was given particular weight.

15.    Defendant Mitchell, in his capacity as the Director of Education at Olympia College and as the College's Chief Managing Employee, was Plaintiff's supervisor.

16.    In exchange for Plaintiff's services, Defendant Corinthian initially paid Plaintiff at an hourly rate of $18.50.

17.    Effective on or about October 20, 2006, Defendant Corinthian, through Defendant Mitchell, raised Plaintiff's wage to $18.78 per hour.  Despite this raise, Plaintiff was paid going forward at an hourly rate of only $18.66.

18.    Due to the nature and demands of Plaintiff's duties, as explained by Defendants and as supplemented with additional duties imposed upon her by Defendants, Plaintiff regularly and necessarily worked far in excess of forty (40) hours per week.

19.    Plaintiff was permitted to submit only certain of the hours she worked beyond forty (40) hours per week to Defendant Corinthian.  As to the hours she submitted which exceeded forty (40) per week, she was not compensated at the FLSA and the IMWL minimum

4

overtime rate of not less than one and one-half times the regular rate at which she was employed. Plaintiff reported over four hundred (400) hours which exceeded forty (40) hours per week and for which she was not compensated at the overtime rate mandated by the FLSA and the IMWL.

20.    In addition, Plaintiff worked a significant number of hours beyond forty (40) per week that Defendants told her not to record on her time cards at all and for which she was not compensated. Plaintiff should have been compensated for those hours at the FLSA and IMWL minimum overtime rate of not less than one and one-half times the regular rate at which she was employed. The number of hours Plaintiff worked overtime that were not recorded on her time cards is reflected in her personal time records, which remain in the possession of Defendant Corinthian and which Defendant Corinthian has refused and failed to return to Plaintiff.

21.    Defendants' instructions to Plaintiff to not report the full number of hours she actually worked and their decision to not compensate as required by the FLSA and the IMWL were attempts to avoid compliance with those statutes and constitute wilful violations of the FLSA and the IMWL.

22.    Additionally, Plaintiff incurred out-of-pocket expenses when purchasing necessary supplies for the students as promised to them by Defendant Corinthian, and was promised she would be reimbursed for the supplies. Although Plaintiff provided receipts for the supplies, she was not reimbursed.

23.    Throughout her employment with Defendant Corinthian, beginning in April of 2006 and continuing through February of 2007, Plaintiff was sexually harassed by Defendant Mitchell, aided by other Corinthian employees.

5

24.    On February 26, 2007, Plaintiff complained in writing of the sexually harassing incidents to Jack Massimino, chief executive officer, and Jim Wade, senior vice president of Human Resources, of Defendant Corinthian.  The next day, Defendant Corinthian responded to Plaintiff regarding these incidents and promised that an investigation would be conducted.

25.    Plaintiff was terminated on February 27, 2007, the day after Defendant Corinthian received Plaintiff's letter regarding the sexual harassment and the same day Defendant Corinthian promised to conduct an investigation into her charges.  On information and belief, Defendant Corinthian never investigated Plaintiff's allegations of sexual harassment.  Instead, Corinthian terminated her in retaliation for her complaints of sexual harassment.

26.    Upon her termination, Plaintiff asked that she be allowed to retrieve her personal items from her office and classroom.  Her request was denied.

27.    On or about March 7, 2007, Plaintiff received some of her personal items in boxes shipped by Corinthian.  Though a number of the items were fragile, they were not wrapped or otherwise protected, and a number of the items arrived broken.  These items held financial and sentimental value to the Plaintiff and are irreplaceable.

28.    A portion of Plaintiff's belongings, including her personal records of time worked, were not returned to her despite her repeated requests, and other belongings were returned in damaged condition.

## COUNT I - VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)
### (Against Corinthian)

29.    Plaintiff adopts and incorporates by reference paragraphs 1 through 28 of this Complaint as if pleaded herein.

30.    Section 7(a)(1) of the FLSA (29 U.S.C. § 207(a)(1)) provides that:

no employer shall employ any of his employees who in any workweek is engaged
in commerce or in the production of goods for commerce or is employed in an
enterprise engaged in commerce or in the production of good for commerce, for a
workweek longer than forty hours unless such employee receives compensation
for his employment in excess of the hours above specified at a rate not less than
one and one-half time the regular rate at which he is employed.

31.    Section 13(a)(1) of the FLSA (29 U.S.C. § 213(a)(1)) provides exemptions for the

FLSA overtime rate requirement: "The provisions of [section 7] shall not apply with respect to

(1) any employee employed in a bona fide executive, administrative, or professional capacity..."

32.    Defendant Corinthian employed Plaintiff as an "executive employee," which is

defined by 29 C.F.R. § 541.100(a) as any employee:

(1)    Compensated on a salary basis at a rate of not less than $455 per
week ...;
(2)    Whose primary duty is management of the enterprise in which the
employee is employed or of a customarily recognized department
or subdivision thereof;
(3)    Who customarily and regularly directs the work of two or more
employees; and
(4)    Who has the authority to hire or fire other employees or whose
suggestions and recommendations as to the hiring, firing,
advancement, promotion or any other change of status of other
employees are given particular weight.

33.    Plaintiff's primary duties in her employment with Defendant Corinthian were

managerial (Education Chair Manager).  She had interviewing and hiring authority and

customary and regular supervision of at least two instructors, and her suggestions and

recommendations as to the status of employees was given particular weight.  Nevertheless,

Plaintiff was not compensated on a salary basis and so Defendants are not, and were not, entitled

to claim the executive employee exemption.

34.    "Salary basis" is defined by 29 C.F.R. § 541.602 as:

An employee will be considered to be paid on a "salary basis" within the meaning
of these regulations if the employee regularly receives each pay period on a
weekly, or less frequent basis, a predetermined amount constituting all or part of
the employee's compensation, which amount is not subject to reduction because
of variations in the quality or quantity of the work performed.

35.    Plaintiff was paid an hourly wage and not on a salary basis, and was not otherwise

exempt.  Therefore, Defendant Corinthian was required by the FLSA to pay Plaintiff at an

overtime rate of not less than one and one-half times the regular rate at which Plaintiff was

employed for every workweek hour worked in excess of forty (40) hours.

36.    Defendant Corinthian's failure to pay to Plaintiff the overtime rate required by the

FLSA, and Defendant Corinthian's instructions to Plaintiff, through Defendant Mitchell, to not

record all the hours she worked, constitute violations of the FLSA.

37.    Defendant Corinthian's instructions to Plaintiff, through Defendant Mitchell, to

not record all the hours she worked constitute violations of Section 11(c) of the FLSA (29 U.S.C.

§ 211(c)) to accurately make, keep, report and/or preserve records of hours worked by Plaintiff.

38.    As a result of Defendant Corinthian's violations of the FLSA, Plaintiff has been

damaged by Defendant Corinthian's failure to pay her unpaid and underpaid wages, in an amount

to be determined.

39.    The foregoing conduct, as alleged, constitutes wilful violations of the FLSA

within the meaning of 29 U.S.C. § 255(a).

8

## COUNT II - VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)
### (Against Mitchell)

40.    Plaintiff adopts and incorporates by reference paragraphs 1 through 39 of this Complaint as if pleaded herein.

41.    Section 3(d) of the FLSA (29 U.S.C. § 203(d)) provides that an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee...."

42.    Defendant Mitchell was, at all times during Plaintiff's employment, the Director of Education of Olympia College, with hiring and supervising authority over Plaintiff. Defendant Mitchell thus is an employer under the FLSA.

43.    Defendant Mitchell instructed Plaintiff to reduce the number of hours that she recorded on her time cards, resulting in a significant number of hours of unrecorded overtime for which Plaintiff was not compensated.

44.    Defendant Mitchell's instructions to Plaintiff to not record all the hours she worked constitute violations of Section 11(c) of the FLSA (29 U.S.C. § 211(c)) to accurately make, keep, report and/or preserve records of hours worked by Plaintiff.

45.    As Plaintiff's employer, Defendant Mitchell also failed to fully compensate Plaintiff for all recorded overtime at the overtime rate required by the FLSA.

46.    As a result of Defendant Mitchell's violations of the FLSA, Plaintiff has been damaged by Defendant Mitchell's failure to pay her unpaid and underpaid wages, in an amount to be determined.

9

47.     The foregoing conduct, as alleged, constitutes wilful violations of the FLSA

within the meaning of 29 U.S.C. § 255(a).

## COUNT III - VIOLATION OF ILLINOIS
## MINIMUM WAGE LAW (IMWL)
### (Against Corinthian)

48.     Plaintiff adopts and incorporates by reference paragraphs 1 through 47 of this

Complaint as if pleaded herein.

49.     Section 4a of the IMWL (820 ILCS § 105/4a) provides in relevant part that:

> [N]o employer shall employ any of his employees for a workweek of more than 40
> hours unless such employee receives compensation for his employment in excess
> of the hours above specified at a rate not less than 1 ½ times the regular rate at
> which he is employed.

50.     Section 4(a)(2) of the IMWL (820 ILCS § 105/4a) provides exemptions for the

IMWL overtime rate requirement, including executive employees:

> The provisions of subsection (1) of this Section are not applicable to:

> E.      Any employee employed in a bona fide executive, administrative
> or professional capacity ... as defined by or covered by the Federal
> Fair Labor Standards Act of 1938 and the rules adopted under that
> Act, as both exist on March 30, 2003, but compensated at the
> amount of salary specified in subsections (a) and (b) of Section
> 541.600 of Title 29 of the Code of Federal Regulations as proposed
> in the Federal Register on March 31, 2001 or a greater amount of
> salary as may be adopted by the United States Department of
> Labor.

51.     29 C.F.R. § 541.600(a) states that "to qualify as an exempt executive,

administrative or professional employee ..., an employee must be compensated on a salary basis

at a rate of not less than $455 per week...."

52.     Plaintiff was paid an hourly wage and not on a salary basis, and was not otherwise

10

exempt. Therefore, Defendant Corinthian was required by the IMWL to pay Plaintiff at an overtime rate of not less than one and one-half times the regular rate at which Plaintiff was employed for every workweek hour worked in excess of forty (40) hours.

53.     Defendant Corinthian's failure to pay to Plaintiff the overtime rate required by the IMWL, and Defendant Corinthian's instructions to Plaintiff, through Defendant Mitchell, to not record all the hours she worked constitute violations of Section 4a and Section 8 of the IMWL (820 ILCS § 105/8).

54.     As a result of Defendant Corinthian's violations of the IMWL, Plaintiff has been damaged by Defendant Corinthian's failure to pay her unpaid and underpaid wages, in an amount to be determined.

55.     The foregoing conduct, as alleged, constitutes wilful violations of the IMWL.

<b>COUNT IV - VIOLATION OF ILLINOIS<br>MINIMUM WAGE LAW (IMWL)<br>(Against Mitchell)</b>

56.     Plaintiff adopts and incorporates by reference paragraphs 1 through 55 of this Complaint as if pleaded herein.

57.     Section 3(c) of the IMWL (820 ILCS § 105/3(c)) provides that the term "employer" includes "any individual ... acting directly or indirectly in the interest of an employer in relation to an employee ... ."

58.     Defendant Mitchell was, at all times during Plaintiff's employment, the Director of Education of Olympia College, with hiring and supervising authority over Plaintiff. Defendant Mitchell thus is an employer under the IMWL.

59.     Defendant Mitchell instructed Plaintiff to reduce the number of hours that she recorded on her time cards, resulting in a significant number of hours of unrecorded overtime for which Plaintiff was not compensated, in violation of Section 8 of the IMWL (820 ILCS § 105/8).

60.     As Plaintiff's employer, Defendant Mitchell also failed to fully compensate Plaintiff for all recorded overtime at the overtime rate required by the IMWL.

61.     As a result of Defendant Mitchell's violations of the IMWL, Plaintiff has been damaged by Defendant Mitchell's failure to pay her unpaid and underpaid wages, in an amount to be determined.

62.     The foregoing conduct, as alleged, constitutes wilful violations of the IMWL.

### COUNT V - BREACH OF CONTRACT
### (Against Corinthian)

63.     Plaintiff adopts and incorporates by reference paragraphs 1 through 62 of this Complaint as if pleaded herein.

64.     Defendant Corinthian entered into an agreement with Plaintiff to pay Plaintiff an hourly wage of $18.50 for all hours she worked in the Dental Assistant Program at Olympia College.  Defendant Corinthian later gave Plaintiff a raise in wage to $18.78 per hour.

65.     Plaintiff worked a number of hours that Defendants instructed her to not record in her time cards, for which she was not compensated at all.

66.     In addition, instead of receiving the promised raise to $18.78 per hour, Plaintiff received a raise to an hourly rate of only $18.66.

67.     Plaintiff ably and completely performed all the services she was required to perform for Defendant Corinthian.

12

68.     Plaintiff was instructed to follow certain procedures to order supplies for students. On a number of occasions, however, even though Plaintiff timely and correctly submitted the appropriate forms and information, Defendants failed to timely process the orders and the students needed supplies before the orders were processed.  On those occasions, with Defendants' authorization and promise of reimbursement, Plaintiff purchased a number of necessary items for use by the students in the classroom as promised to them by the Dental Assistant Program.  These items included kit boxes, mirrors, distilled water, folders, binders, and other supplies, together worth hundreds of dollars.

69.     Although Plaintiff purchased the items with Defendants' authorization and promise of reimbursement, and provided Defendant Corinthian with receipts for these items, she has not been reimbursed for them.

70.     Defendant Corinthian's actions constitute breaches of its agreement with Plaintiff. As a result of those breaches, Plaintiff has been damaged by Defendants Corinthian's failure to pay her unpaid and underpaid wages, and to reimburse her for purchases of class supplies, in amount to be determined.

## COUNT VI - SEXUAL HARASSMENT DISCRIMINATION
### (Against Corinthian)

71.     Plaintiff adopts and incorporates by reference paragraphs 1 through 70 of this Complaint as if pleaded herein.

72.     Section 2000e-2(a)(1) of Title VII (42 U.S.C. § 2000e-2) makes it an unlawful employment practice for an employer:

> to fail or refuse to hire or to discharge any individual, or otherwise

to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

73.    29 C.F.R. §1604.11 provides guidelines for discrimination based on sex, which include:

Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when

(1)    submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment...

74.    Throughout Plaintiff's employment with Defendant Corinthian, Defendant Mitchell made unwelcome verbal sexual advances toward Plaintiff, including making comments in a suggestive manner such as wanting to "rock the boat" with Plaintiff and asking Plaintiff whether she liked "oral surgery," as well as discussing pornography with Plaintiff.

75.    Defendant Mitchell also exhibited unwelcome physical conduct by repeatedly engaging in improper and unwanted touching of Plaintiff, such as sliding his hand slowly across her back and insisting that Plaintiff hug him, and inappropriately placing himself in close proximity to Plaintiff.

76.    Defendant Mitchell was Plaintiff's immediate supervisor.  Therefore, Plaintiff's submission to his conduct was implicitly a term of her employment.

77.    Because Defendant Mitchell was Plaintiff's immediate supervisor, Defendant Corinthian is vicariously liable for his conduct.

78.    The foregoing conduct, as alleged, constitutes violations of Title VII within the meaning of 42 U.S.C. § 2000e-2.

## COUNT VII - SEXUAL HARASSMENT DISCRIMINATION
### (Against Corinthian)

79.    Plaintiff adopts and incorporates by reference paragraphs 1 through 78 of this Complaint as if pleaded herein.

80.    29 C.F.R. §1604.11 provides guidelines for discrimination based on sex, which include:

> Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when
>
> (3)    such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

81.    Throughout Plaintiff's employment with Defendant Corinthian, Defendant Mitchell continuously subjected Plaintiff to unwelcome advances and physical and verbal conduct of a sexual nature.

82.    Defendant Mitchell frequently asked Plaintiff to come to his office where he would make suggestive comments to Plaintiff in private, as well as in front of other Corinthian employees.  Plaintiff became increasingly reluctant to interact with Defendant Mitchell. Plaintiff also was subjected to gossip and ridicule by other Corinthian employees who witnessed Defendant Mitchell's treatment of Plaintiff.

83.    Defendant Mitchell's conduct intimidated and humiliated Plaintiff, thereby creating an unreasonably hostile working environment.

84.    Because Defendant Mitchell was Plaintiff's immediate supervisor, Defendant Corinthian is vicariously liable for his conduct.

15

85.    The foregoing conduct, as alleged, constitutes violations of Title VII within the meaning of 42 U.S.C. § 2000e-2.

## COUNT VIII - RETALIATION
### (Against Corinthian)

86.    Plaintiff adopts and incorporates by reference paragraphs 1 through 85 of this Complaint as if pleaded herein.

87.    Section 704(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-3), provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ..., because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

88.    On February 26, 2007, Plaintiff mailed a letter detailing Defendant Mitchell's harassing behavior to Defendant Corinthian's chief executive officer, Jack Massamino, and senior vice president of Human Resources, Jim Wade.

89.    Upon receipt of the letter, Defendant Corinthian advised Plaintiff that it would conduct an investigation of her charges.  She was instead fired on the evening of February 27, 2007.

90.    Plaintiff's termination was in retaliation for her complaint to Defendant Corinthian which, on information and belief, never conducted an investigation into her complaint, either before or after her termination.

91.    The foregoing conduct, as alleged, constitutes violations of Title VII within the meaning of 42 U.S.C. § 2000e-3.

16

## COUNT IX - RETALIATORY DISCHARGE
### (Against Corinthian)

92.    Plaintiff adopts and incorporates by reference paragraphs 1 through 91 of this Complaint as if pleaded herein.

93.    The tort of retaliatory discharge prohibits employers from discharging employees in retaliation for employment-related activities where the discharge violates a clearly-mandated public policy.  Chicago Commons Ass'n v. Hancock, 346 Ill. App. 3d 326, 328 (1st Dist. 2004); Palmateer v. Int'l Harvester Co., 85 Ill. 2d 124, 133 (1981).  Terminating an employee for reporting illegal or improper conduct to the employer is such a violation.  Hancock, 346 Ill. App. 3d at 328-29; Palmateer, 85 Ill. 2d at 133 (noting that "there is a clear public policy favoring investigation and prosecution of criminal offenses").

94.    On February 26, 2007, Plaintiff mailed a letter detailing Defendant Mitchell's harassing behavior to Defendant Corinthian's chief executive officer, Jack Massamino, and senior vice president of Human Resources, Jim Wade.

95.    Plaintiff was terminated on the evening of February 27, 2007 in retaliation for her complaint of sexual harassment discrimination to Defendant Corinthian.

96.    As a direct and proximate result of Defendant Corinthian's illegal conduct, Plaintiff suffered various damages, including but not limited to lost wages, lost opportunity costs and her costs of bringing this suit.

## COUNT X - CONVERSION OF PROPERTY
### (Against Corinthian)

97.    Plaintiff adopts and incorporates by reference paragraphs 1 through 96 of this Complaint as if pleaded herein.

98.     Plaintiff kept a number of personal items in her office and in the classroom while employed with Defendant Corinthian, including records reflecting all of the hours she worked, whether reported to Defendant Corinthian or not.  Upon Plaintiff's termination on February 27, 2007, Defendants refused to allow Plaintiff to retrieve the items.

99.     On or about March 7, 2007, Plaintiff received some of her items sent by Defendant Corinthian.  Defendant Corinthian did not exercise due care with the items by preventing them from being damaged during shipment.  Some items, which are irreplaceable and had financial and sentimental value for Plaintiff, arrived damaged.

100.    Defendant Corinthian also failed to return other items of Plaintiff's personal property, including her time records.

101.    As a result of Defendant Corinthian's conversion of her property, Plaintiff has been damaged in an amount exceeding $500.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment:

A.      against Defendants Corinthian and Mitchell for all unpaid and underpaid wages and overtime;

B.      against Defendants Corinthian and Mitchell for liquidated damages as provided by the FLSA and/or the IMWL;

C.      against Defendant Corinthian for the cost of the students' supplies for which she has not been reimbursed;

D.      against Defendant Corinthian for back pay and front pay as provided by Title VII within the meaning of 42 U.S.C. § 2000e-5.

E.    against Defendant Corinthian for not less than $500.00 for lost and damaged

personal property, and for return to her of her remaining personal items;

F.    against Defendants Corinthian and Mitchell for punitive damages;

G.    against Defendants Corinthian and Mitchell for interest, costs, expenses and

attorney's fees incurred herein; and

H.    for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands trial by jury for all issues so triable as identified herein,

pursuant to Federal Rule of Civil Procedure 38(b)(2).


Dated: October 15, 2007                       Respectfully submitted,

                                              LAURA E. BOZEK


                                              By:_____/s/ Natalia A. Kolasa_____
                                                   One of Her Attorneys

Scott G. Golinkin
Scott O. Reed
Eric J. Marler
Natalia A. Kolasa
REARDON GOLINKIN & REED
111 W. Washington St., Suite 707
Chicago, Illinois 60602
312/855-3700

## CERTIFICATE OF SERVICE

TO:    Joel W. Rice
Brian K. LaFratta
Fisher & Phillips LLP
1000 Marquette Building
140 South Dearborn Street
Chicago, IL 60603
*Counsel for Defendants*


      I, Natalia A. Kolasa, certify that on October 15, 2007, I electronically filed the foregoing **Amended Complaint for Violation of FLSA and Illinois Minimum Wage Law, Breach of Contract, Sexual Harassment Discrimination, Retaliation, and Conversion of Property** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the above-named parties thereby serving the same upon them.


                               /s/ Natalia A. Kolasa